Case No. 16-CV-0079

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

CITY OF MILWAUKEE,

       Appellant/Defendant,       Case No. 16-CV-0079

  v.

KEVIN C. WILLIAMS,

       Appellee/Plaintiff.

---

An appeal from the Judgment of the United States Bankruptcy Court, the Honorable G. Michael Halfenger, Presiding, Adversary No. 11-02527

---

**BRIEF OF APPELLANT CITY OF MILWAUKEE**

---

                                        GRANT F. LANGLEY
                                        City Attorney

                                        KEVIN P. SULLIVAN
                                        Assistant City Attorney
                                        State Bar No. 1005718
                                        Attorneys for City of Milwaukee

<u>Address:</u>
200 East Wells Street, Suite 800
Milwaukee, WI 53202
414-286-2601
ksulli@milwaukee.gov

## TABLE OF CONTENTS

Table of Contents ...........................................................................................1

Table of Authorities......................................................................................2

Jurisdictional Statement…………………………………………………..4

Statement of the Issues Presented…………………………………………4

Summary of the Argument…………………………………………………...5

Statement of the Case………………………………………………………...6

Argument…………………………………………………………………………..7

I. DOES 11 U.S.C. § 522(g) THROUGH (j) LIMIT A CHAPTER 13 DEBTOR TO A RECOVERY OF NO MORE THAN HIS CLAIMED EXEMPTION AMOUNT IN PROPERTY FOUND TO BE FRAUDULENTLY TRANSFERRED PURSUANT TO 11 U.S.C. § 550(a) RATHER THEN THE FULL AMOUNT A TRUSTEE COULD RECOVER? ................................................................7

II. DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN GRANTING PLAINTIFF JUDGMENT FOR THE VALUE OF THE PROPERTY INSTEAD OF A RECOVERY OF THE PROPERTY PURSUANT TO 11 U.S.C. § 550(a) AS A REMEDY FOR A CONSTRUCTIVELY FRAUDULENT TRANSFER IN A LAWFULLY AUTHORIZED AND PROPERLY CONDUCTED TAX LIEN FORECLOSURE PROCEEDING FOR DELINQUENT TAXES? ...........................................................................12

Cases

*In re: Airadigm Communications, Inc.,* 616 F.3d 642, 652 (7th Cir. 2010)..............4

*In re Classic Drywall, Inc.* 127 B.R. 874 (D. Kansas 1991) ..................14

*Clinton County Treasurer v. Wolinsky*, 512 B.R. 34 (N.D. N.Y. 2014).................16

*In re Compton* No. 97-31367-DWS, 98-0182, 1998 WL 372659
(Bankr. E.D. Penn.1998)……………………………………………………………10

*In re Crabtree*, 49 B.R. 806 (Bankr. E.D. Tenn. 1985)..........................12

*Deel Rent-A-Car, Inc. v. Levine*, 721 F.2d 750 (1983)...........................12

*In re Da-Sota Elevator Co.* 939 F.2d 654 (8th Circuit 1991)..................14

*In re Gen. Indus, Inc.*, 79 B.R. 124 (Bankr. D. Mass. 1987)……………………13

*Highmark, Inc. v. All Care Health Management System Inc.*, 134 S.C. 1744,
1748 (2014)……………………………………………………………………...5

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993)…………………………………….5

*In re McKeever* 166 B.R. 648 (Bankr. N.D. Ill. 1994) ...........................13

*Miller v. LaSalle Bank National Association,* 595 F.3d 782,
785 (7th Cir. 2010).......................................................5

*In re Morris Communications MC, Inc.*, 75 B.R. 619 (Bankr.
W.D. N. C. 1987).......................................................12

*Moses H. Cone Memorial Hospital v. Mercury Construction, Corp.*,
103 S.C. 927, 938-39 (1983)……………………………………………………5

*In re Serrato* 214 B.R. 219 Bankr. N.D. Cal. 1997)................................14

*In re Shape, Inc.* 176 B.R. 1 Bankr. D. Maine 1994) ...........................14

*In re Smith* 811 F.3d 228 (7th Cir. 2016)......................................6, 10, 12

*In re Southern Community Media, Inc.*, 27 B.R. 834
(Bankr. E.D. Tenn. 1983) .................................................................................................. 13

*In re Taylor*, 390 B.R. 564 (BAP 9, 2008) ............................................................... 16

## Statutes

11 U.S.C. § 522(h) ............................................................................................... passim
11 U.S.C. § 522(i) ................................................................................................ passim
11 U.S.C. § 522(j) ................................................................................................ passim
11 U.S.C. § 550(a) ............................................................................................... passim
11 U.S.C. § 548(a)(1)(B) ........................................................................................ 6, 7
11 U.S.C. § 551 ............................................................................................................ 9
11 U.S.C. § 1107 .......................................................................................................... 7
11 U.S.C. § 1303 .......................................................................................................... 7
Wis. Stat. § 75.521 ...................................................................................................... 6

## Other

*4 Collier on Bankruptcy* ¶ 552.12[4]-[5] at 552-102 (15th edition, 1998) ........ 10, 12
Hearing Transcript of June 16, 2015 ........................................................................... 9
Hearing Transcript of December 9, 2015 .................................................................. 11

# JURISDICTIONAL STATEMENT

The Court has jurisdiction of this appeal under 28 U.S.C. § 158, which provides for jurisdiction in the District Court over appeals from judgments of the bankruptcy court.

The Appellee/Debtor ("Debtor") commenced a Chapter 13 proceeding in the United States Bankruptcy Court for the Eastern District of Wisconsin on April 1, 2011. On July 20, 2011, the Debtor commenced an adversary proceeding by filing a Complaint to Set Aside Fraudulent Transfer. Jurisdiction in the bankruptcy court arose under 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 548.

On December 9, 2015, the bankruptcy court, the Honorable G. Michael Halfenger, presiding, issued an oral ruling granting judgment in favor of the Debtor, which Judgment was entered on December 11, 2015. On December 21, 2015, the bankruptcy court granted the Appellant/Defendant's (the "City") motion to extend time to appeal the Judgment. On January 19, 2016, the Notice of Appeal was filed.

# STATEMENT OF THE ISSUES PRESENTED

**ISSUE NO. 1**: In fashioning a remedy for a constructively fraudulent transfer, did the bankruptcy court err in granting Debtor a judgment in an amount equal to the full value of the property pursuant to 11 U.S.C. §§ 550(a) and 551, instead of the amount of the debtor's exemption for such property, pursuant to 11 U.S.C. §§ 522(h)-(j)?

**STANDARD OF REVIEW**: Neither the facts nor the factual findings of the Bankruptcy Court are in any substantial dispute. This issue on appeal presents a question of law, namely the statutory interpretation of 11 U.S.C. § 522(h)-(j). A matter of law determined by a bankruptcy court is reviewed *de novo* on appeal. *In re: Airadigm Communications, Inc.,* 616 F.3d 642, 652 (7th Cir. 2010) Accordingly, this issue is to be

reviewed by the district court *de novo*, without according deference to either the reasoning or conclusions of the bankruptcy court. *Miller v. LaSalle Bank National Association,* 595 F.3d 782, 785 (7th Cir. 2010).

**ISSUE NO. 2:** Did the bankruptcy court abuse its discretion in granting judgment for the value of the property instead of a recovery of the property pursuant to 11 U.S.C. § 550(a), as the remedy for a constructively fraudulent transfer in a lawfully-authorized and properly-conducted tax lien foreclosure proceeding for delinquent taxes?

**STANDARD OF REVIEW**: Traditionally, decisions on "questions of law" are reviewable "de novo," decisions on "questions of fact" are "reviewable for clear error," and decisions on "matters of discretion" are "reviewable for abuse of discretion." *Highmark, Inc. v. All Care Health Management System Inc.*, 134 S.C. 1744, 1748 (2014). While abuse of discretion as a standard of appeal generally means that an appellate court will accord considerable deference to a trial court's determination, such discretion is not, of course, absolute. An abuse of discretion can occur in any number of ways. *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993). An example of abuse of discretion is the failure of the trial court, in attempting to exercise discretion, to adequately take into account judicially recognized factors constraining its exercise. *See*, *Moses H. Cone Memorial Hospital v. Mercury Construction, Corp.*, 103 S.C. 927, 938-39 (1983).

## SUMMARY OF THE ARGUMENT

The bankruptcy court erred in two substantial ways, requiring reversal by this Court. First, the bankruptcy court incorrectly determined that a Chapter 13 debtor, like a trustee, may recover more than the claimed exemption amount. The Seventh Circuit

5

held otherwise in *In re Smith* 811 F.3d 228 (7th Cir. 2016), finding that a Chapter 13 debtor is limited to a recovery of his or her claimed exemption, which decision was not available to the bankruptcy court at the time it made its decision in this case. Second, the bankruptcy court abused its discretion in granting Debtor judgment for the value of the subject real property (the "Property"), rather than a recovery of the Property itself as the remedy for a constructively fraudulent transfer—which transfer consisted of a lawfully-authorized and properly-conducted *in rem* tax lien foreclosure proceeding. Both errors require reversal of the bankruptcy court decision.

## STATEMENT OF THE CASE

Debtor was delinquent in payment of his real estate taxes for the Property over the period of 2007 through 2009, and on July 26, 2010, the state court granted the City a judgment of tax foreclosure relative to the Property pursuant to Wis. Stat. § 75.521 (the "Tax Foreclosure Judgment"). Debtor then commenced his bankruptcy proceeding under Chapter 13 and, within such bankruptcy proceeding, brought this Adversary Proceeding to avoid the Tax Foreclosure Judgment as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B).

The bankruptcy court held that the Tax Foreclosure Judgment constituted a fraudulent transfer and entered judgment in favor of Debtor in the amount of $133,481.49, an amount calculated by subtracting the amount of Plaintiff's delinquent tax obligation ($14,518.51) from the purported value of the Property at the time of the City's Tax Foreclosure Judgment ($148,000.00).

Under 11 U.S.C. § 550(a), the bankruptcy court has the option, in granting relief for a constructively fraudulent transfer, to either order a return of the actual property or issue a money judgment for the value of such property. Rather than ordering the usual remedy under 11 U.S.C. § 550(a) of returning the Property to Debtor, the bankruptcy court allowed a monetary judgment for the full amount (the "Judgment").

The City now appeals both of these rulings: (1) the amount potentially recoverable by a Chapter 13 debtor; and (2) the decision to provide a monetary recovery instead of a return of the Property.

## ARGUMENT

**I. DOES 11 U.S.C. § 522(g) THROUGH (j) LIMIT A CHAPTER 13 DEBTOR TO A RECOVERY OF NO MORE THAN HIS CLAIMED EXEMPTION AMOUNT IN PROPERTY FOUND TO BE FRAUDULENTLYTRANSFERRED PURSUANT TO 11 U.S.C. § 550(a) RATHER THEN THE FULL AMOUNT A TRUSTEE COULD RECOVER?**

The Debtor petitioned for bankruptcy under Chapter 13. A Chapter 13 debtor, unlike a Chapter 11 debtor-in-possession, does not possess the same rights and powers of the trustee. *See*, 11 U.S.C. § 1107. Under 11 U.S.C. § 548(a)(1)(B), a trustee may pursue an avoidance action for a fraudulent transfer and, under 11 U.S.C. § 550, a trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, if such transfer is avoided. A Chapter 13 debtor's powers are set forth in 11 U.S.C. § 1303 and pointedly do not include a trustee's avoiding powers. Accordingly, any statutory authorization for a debtor, such as the Debtor in this case, to utilize the trustee's avoiding powers must be found elsewhere.

7

11 U.S.C. § 522(h) provides such an express authorization for a debtor's use of the trustee's avoiding powers in the event of a fraudulent transfer, as follows:

> (h) The debtor may avoid a transfer of property of the debtor or recover a set-off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if – (1) such transfer is avoidable by the trustee under § [548] of this title . . . and (2) the trustee does not attempt to avoid such transfer.

The reference to subsection (g)(1) above adds the following requirements:

> (A) Such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property.

Thus far, a debtor has powers to avoid certain transfers under 11 U.S.C. § 548, such as a fraudulent transfer, but 11 U.S.C. § 522(i) provides additional limitations on a debtor's ability to utilize the avoiding powers of the trustee, as follows:

> (1) If the debtor avoids a transfer or recovers a set-off under subsection (f) or (h) of this section, the debtor may recover in a manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.
>
> (2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, **548,** 549 or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

(emphasis added to highlight 11 U.S.C. § 548).

It is at this point that the bankruptcy court's analysis falters. The bankruptcy court wrongly interpreted the phrase "to the extent that" within 11 U.S.C. § 522(h) to have

8

Case 2:16-cv-00079-CNC   Filed 03/18/16   Page 9 of 18   Document 5

what it called a "conditional use," as opposed to what it described as an alternative, "limiting" use, despite the court's concession that the latter use was "more prevalent." *See,* page 8 of the transcript of the hearing of June 16, 2015. The court rationalized this interpretation as an effort to "harmonize" 11 U.S.C. § 522(h) with 11 U.S.C. § 551. *See,* page 7 of the transcript of the hearing of June 16, 2015. Those statutes, however, need no harmonization in light of 11 U.S.C. § 522(i)(2), which the court failed to address in its analysis. That Section 522(i)(2) specifically excludes Section 551 from consideration is demonstrated by the text of the statute, as it begins with the language *"Notwithstanding section 551 of this title . . ."* 11 U.S.C. § 522(i)(2) (emphasis added). 11 U.S.C. § 522(i)(2) therefore instructs that there is no need to engage in any effort to harmonize 11 U.S.C. § 551 with 11 U.S.C. 522, for 11 U.S.C. § 522(i) is operative notwithstanding 11 U.S.C. § 551. Moreover, 11 U.S.C. § 522(i)(2) repeats the "to the extent language appearing in 11 U.S.C. § 522(h), making it abundantly clear that such language serves to limit the amount of a debtor's recovery to the amount of the exemption.

Further support can be found in 11 § U.S.C. § 522(j), which reiterates the limitations set forth immediately above, as follows:

> Notwithstanding subsections (g) and (i) of this section, the debtor may exempt a particular kind of property under subsections (g) and (i) of this section only to the extent that the debtor has exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section.

Accordingly, the statutory construct is clear: a debtor's ability to utilize the trustee's avoiding power, by resort to 11 U.S.C. § 522, is limited to the extent of the exemption

9

being impaired. "Stated another way, the Plaintiff may not recover more than the amount of [the] exemption less any part of the exemption otherwise utilized." *In re Compton* No. 97-31367-DWS, 98-0182, 1998 WL 372659 (Bankr. E.D. Pa. 1998).

This view is consistent with the leading bankruptcy treatise, which states the following with respect to the effect of 11 U.S.C. § 522(i) and (j) on the debtor's use of the avoiding power:

> Section 522(j) provides that property recovered under the avoiding powers may be exempted only to the extent that debtor has exempted less property than allowed under section (b). That is, the debtor's use of the avoiding powers does not expand the extent of his exemptions. Rather, it permits the debtor to recover property that but for the transfer would have been available to exempt. If the debtor avoids a transfer of property, and the value of that property exceeds the amount that may be claimed as exempt under the applicable exemption provision, the excess value of the property would remain subject to the transfer. Presumably, the trustee would have some interest in recovering the excess value for the benefit of the estate, but in the absence of such action, the creditor would retain the right to that property.

*4 Collier on Bankruptcy* ¶ 552.12[4]-[5] at 552-102 (15th edition, 1998).

On January 20, 2016, the Seventh Circuit removed any doubt that this is the law in this Circuit. *See, In re Smith* 811 F.3d 228. In *Smith*, the debtors brought a fraudulent transfer avoidance claim in connection with a pre-petition tax sale of their property. The court upheld the debtors' standing to bring such an avoidance action, but held that their right to recovery was limited to $15,000.00, the amount of one homestead exemption under Illinois law. The debtors argued that they, as debtors and debtors-in-possession, were entitled to full trustee powers. As such, they contended they were entitled to the full

value of the transferred property, not bound by the limitations of the homestead exemption.

The court rejected this argument. "We believe this argument misunderstands a key distinction between a debtor's power acting in place of a trustee to avoid a transfer," the court stated, "and the entitlement to and amount of a debtor's recovery." *Id.* at 243. "It is true that the Smiths as debtors have the power to avoid the transfer just as their trustee would," the court continued, citing 11 U.S.C. § 522(h) "[b]ut the power to avoid is only the power to unwind the transfer. No authority would allow the [debtors] themselves to recover the full value of the property simply because they can avoid the tax sale." *Id.* at 244.

In the present case, the Debtor elected the federal exemptions on his Schedule C and provided for a $5,000.00 exemption in the Property. *See* Docket entry #15, 11-24658. Utilizing the rule from *Smith*, Debtor's recovery is limited to no more than the amount of his exemption in the Property, $5,000.00.

While the Judgment did limit the amount that Debtor could ultimately retain personally to $5,000.00, the Judgment amount was $133,481.49, all payable by the City to Debtor, of which $128,481.49 was then to be remitted by Debtor to the Chapter 13 trustee. *See*, pages 15-16 of the transcript of the hearing of December 9, 2015. This ruling is contrary to the holding in *Smith* and the statutory construct.

Moreover, this limiting interpretation of 11 U.S.C. § 522 is also consistent with the internal logic of the full Bankruptcy Code, namely that the debtor's powers are to be utilized for the benefit of the debtor and the trustee's powers are to be used to benefit the

11

trustee and the bankruptcy estate. This position has been supported by the Eleventh Circuit U.S. Court of Appeals in *Deel Rent-A-Car, Inc. v. Levine*, 721 F.2d 750 (11th Cir. 1983), which held that the avoidance power conferred by 11 U.S.C. § 522(h) protects debtors, not creditors.

Based upon the holding in *Smith*, and utilizing a plain language interpretation of the phrase "to the extent that" which appears in 11 U.S.C. § 522(h), (i) and (j), Debtor may recover the maximum of $5,000 from the City, the amount of his exemption. See also *4 Collier on Bankruptcy* P552.12[5]. The Judgment must be reversed, consistent with 11 U.S.C. § 522 (g)-(j) and the Seventh Circuit decision in *In re Smith* 811 F.3d 228 (7th Cir. 2016).

II. **DID THE BANKRUPTCY COURT ABUSE ITS DISCRETION IN GRANTING PLAINTIFF JUDGMENT FOR THE VALUE OF THE PROPERTY INSTEAD OF A RECOVERY OF THE PROPERTY PURSUANT TO 11 U.S.C. § 550(a) AS A REMEDY FOR A CONSTRUCTIVELY FRAUDULENT TRANSFER IN A LAWFULLY AUTHORIZED AND PROPERLY CONDUCTED TAX LIEN FORECLOSURE PROCEEDING FOR DELINQUENT TAXES?**

Under 11 U.S.C. § 550(a), while a bankruptcy court is afforded the remedy options of either returning property that has been fraudulently transferred or providing the value of that property, the former option is the is the preferred remedy, unless there is a strong basis to select the extraordinary remedy of a money judgment. *See, In re Morris Communications MC, Inc.*, 75 B.R. 619 (Bankr., W.D. N.C. 1987) and *In re Crabtree*, 49 B.R. 806 (Bankr. E.D. Tenn. 1985). An award of value can only occur as a result of an express order of the court, presumably on the basis of good cause shown. Such good cause does not exist here.

The very construction of the text of the statute evinces an intent to make recovery of the property the usual and customary remedy. The fact that a debtor no longer needs, or even wants, return of the transferred property is not an appropriate basis to substitute an award of value for the return instead of title to the subject property. *In re Gen. Indus., Inc.*, 79 B.R. 124 (Bankr. D. Mass. 1987).

There are two major categories of cases in which bankruptcy courts have determined it was appropriate to provide a successful plaintiff with an award of value instead of a return of the property. The first category of cases arises from a situation in which the underlying property is no longer available to be recovered. The other category of cases generally shares one quality: that the transferee was a willing participant, if not actively complicit, in the transaction to obtain the property which was the subject of the subsequently avoided transfer. Indeed, many times in these cases the debtor was a willing party to such transfer, with the transferee seeking to benefit in some way from receipt of debtor's transfer of property.

An example of the first line of cases is *In re Southern Community Media, Inc.*, 27 B.R. 834 (Bankr. E.D. Tenn. 1983), in which the subject property was a broadcast license. Only after the court determined that it could not order the FCC to transfer such license to a trustee in bankruptcy, did it grant an award of value. Similarly, in *In re McKeever*) 166 B.R. 648 (Bankr. N.D. Ill. 1994), the court found that the subject property was unavailable for transfer as it had, in the interim, been acquired by a *bona fide* purchaser for value who was then occupying the premises.

The second category of cases feature transferees who are insiders, relatives, affiliates, suppliers, vendors or other parties related to, or in a relationship with, the debtor. The following are representative of such cases, all in which the court found it appropriate to award a judgment for value as the remedy for an improper transfer: *In re Da-Sota Elevator Co.* 939 F.2d 654 (8th Circuit 1991), where the transfer was to corporations owned by the principals of the debtor corporation; *In re Classic Drywall, Inc.)* 127 B.R. 874 (D. Kansas 1991) where there was a preferential transfer in the form of a repossession by an inventory supplier; *In re Shape, Inc.* 176 B.R. 1 (Bankr. D. Maine 1994) where the transfer was of stock from a parent corporation to a subsidiary; *In re Serrato* 214 B.R. 219 (Bankr. N.D. Cal. 1997) where the transfer took the form of a quitclaim deed from the debtor to her non-filing husband.

In the present case, no impediment whatsoever exists to a full restoration of plaintiff's ownership interest in, and possession of, the Property. Of course, an *in rem* tax lien foreclosure is the antithesis of an insider or a non-arms length transaction; the Tax Foreclosure Judgment was entered by the state court over the debtor's lengthy protestations and vigorous objections.

While there is a growing list of reported cases in which a tax lien foreclosure has been avoided as a fraudulent transfer, the City is unable to locate any case in which such avoidance was followed by the imposition of the remedy of *value* instead of a *simple return of the property*, which falls outside the above two parameters. Thus, the use of this remedy, in the case of an avoided tax lien foreclosure in which the property remains available for return, is literally unprecedented.

That the market value of the Property has diminished since the time of the Tax Foreclosure Judgment is readily apparent, undeniable and well-documented in the record. The underlying reason for any deterioration of the Property since the time of the Tax Foreclosure Judgment is equally obvious and also supported by the record: the Property has been left standing vacant for an extended period of time because the Debtor refused to pay his property taxes for years, resulting in a tax foreclosure. The Debtor's malfeasance in willfully failing to pay his lawful taxes forced the City employ its last remedy for unpaid taxes, a tax foreclosure action which ultimately caused the Property to stand vacant. Under the equitable doctrine *in pari delicto,* the Debtor should not be allowed to receive the value of the Property as a result of a loss for which he is as responsible as any other party.

The Debtor could have readily avoided facing tax foreclosure. He did not. He could have paid the taxes as and when due, or availed himself of numerous opportunities to pay over time or effect a redemption. He did not. The record indicates that at one time the Property generated monthly rentals in the amount of $2,500.00, more than adequate to cover the tax liability, while simultaneously providing the debtor with a comfortable cash flow. Notwithstanding this readily available and more than adequate source of cash, however, he deliberately, and for an extended period, withheld payment of taxes.

Even facing tax foreclosure, the plaintiff still retained a simple recourse available to solve his problem: offer the Property for sale. A sale, of course, is the obvious course of action for anyone who finds himself unable to afford (or refusing to pay notwithstanding an ability to afford) the carrying cost associated with property

15

ownership. There is, however, no evidence whatsoever that the Debtor ever made any effort to sell the Property.

The often-stated goal of 11 U.S.C. § 548, and its associated remedies, is to put the trustee back in the same financial position it would have been but for the transfer. *See, In re Taylor*, 390 BR 564 (BAP 9, 2008). The award of value, however, greatly **improves** a plaintiff's and trustee's financial position. The Judgment has the effect of replacing an ill-liquid, high-maintenance asset--the Property--with cash. The Property, like any parcel of real estate, is subject to on-going changes in value due to market factors (locally as well as nationally), its maintenance needs and condition, neighborhood factors, interest rates and economic circumstances, the passage of time and numerous other factors. The bankruptcy court saddled the City with all of these risks, while the plaintiff and trustee can enjoy the benefits of a cash award. The Judgment, in granting an award of the value of the Property, imposes, as a remedy, a forced purchase of the Property by the City.

This *de facto* and involuntary purchase by the City, giving Debtor and trustee the full value of same in cash, without bearing any costs or risks of sale, unfairly gives the petitioning party—the Debtor, an equally culpable party—a windfall. As a remedy, this is grossly inequitable, wholly unwarranted, unduly enriching of an undeserving party and harshly punitive to the City and its taxpayers. This is particularly inequitable and egregious because the City employed a legal, state-sanctioned method to foreclose on the Property in the face of Debtor's illegal conduct in the nonpayment of taxes. *See, Clinton County Treasurer v. Wolinsky*, 512 B.R. 34, 40 (N.D. N.Y. 2014) (The court expressed

16
Case 2:16-cv-00079-CNC   Filed 03/18/16   Page 17 of 18   Document 5

great concern over the imposition of a remedy that would "inequitably penalize a county for exercising its right to collect unpaid real property taxes through foreclosure actions.")

In short, the illegal behavior of withholding tax payments by the Debtor caused the very condition – vacancy of the Property – of which he later complained. Entry of the Judgment results in a windfall for him and the bankruptcy estate, rewards the plaintiff's nonpayment of lawfully levied taxes, imposes a penalty upon the City for exercising its rights to collect taxes and could well jeopardize the entire system of local government taxation and revenue collection in Wisconsin.

Based upon the foregoing, it was an abuse of the bankruptcy court's discretion to select the remedy of a Judgment for value instead of a recovery of the Property in light of the City's good faith, the Debtor's bad faith and general principle of equity, upon which the entire system of bankruptcy is premised. Accordingly, the Judgment must be reversed.

Dated and filed at Milwaukee, Wisconsin this 18th day of March, 2016.

GRANT F. LANGLEY
City Attorney

__/s/_____
KEVIN P. SULLIVAN
Assistant City Attorney
State Bar No. 1005718
Attorneys for City of Milwaukee

Address:
200 East Wells Street, Suite 800
Milwaukee, WI 53202
414-286-2601
226340/1060-2011-2045.001